[No. C009301. Third Dist. Sept. 27, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
LYNNIE JOE CRAIG, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*See footnote 1, *post*, page 1068.

**COUNSEL**

Michael H. Murray, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edmund D. McMurray and Susan J. Orton, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—Defendant's probation was revoked in a Trinity County case and he was sentenced to state prison for sale of methamphetamine (Health & Saf. Code, § 11379). He appeals. Since defendant's contentions are without merit, we shall affirm.

In the published part of this opinion, we reject defendant's contention that he is entitled to the benefit of a so called "implied plea bargain."[1] Although the substance of this contention does not merit publication, the fact the question is even raised is symptomatic of a general problem involving an issue of continuing public interest (Cal. Rules of Court, rule 976(b)(3)): the provision of counsel at public expense for indigent criminal appellants.

The vast majority of criminal appellants who come before this court are indigent and are represented by counsel appointed by the court and compensated for their efforts from public funds appropriated for that purpose by the Legislature. In the aggregate, those funds constitute a substantial part of this court's annual operating budget. Appointed counsel's obligations to their clients require that they raise in the appeal all arguable issues on their clients' behalf. What is and is not an arguable issue depends both on the facts established in the record on appeal and on the state of the law. It is frequently a matter of opinion and therefore necessarily left to the professional judgment of counsel. However, that is not to say all issues are incapable of definitive classification. In some cases there may be issues on one extreme of the continuum which are indisputably arguable. On the opposite extreme of the continuum may be issues which are manifestly and indisputably not arguable. For want of a better description, the latter are "nonissues." This appeal involves a nonissue. It is unarguably not arguable. It is not merely frivolous, it is utterly hopeless.

Relatively few opinions in criminal appeals are published in the official reports because they do not meet the standards for publication (Cal. Rules of Court, rule 976). As a consequence, these appeals occupy a substratum in the universe of appellate decisions out of the focus of public attention. For this reason, systemic problems in the delivery of legal services to indigent criminal appellants at public expense are largely obscured from public view. We emphasize again the larger dimensions of the problem of frivolous issues on appeal of which this case is merely one of numerous examples. In so doing, we do not intend to imply that the problem is pandemic. We recognize that the majority of attorneys who accept appointments to represent indigent appellants render their services consistent with the highest professional standards of the bar. Our purpose in publishing this opinion is not to single out anyone in particular for condemnation but to inform the bar and the public of the nature and extent of the problem, and to dispel any misunderstanding as to this court's views on the subject by broadcasting them as widely as possible. We also hope to ameliorate the problem by publication of

---

[1] The Reporter of Decisions is directed to publish all of this opinion except parts II, III and IV.

this opinion and, if necessary, future opinions which deal with the same problem.

On August 18, 1986, defendant was convicted in Shasta County of receiving stolen property (Pen. Code, § 496) and was granted probation.

In this case, defendant pleaded guilty on October 27, 1986, in Trinity County to sale of methamphetamine. (Health & Saf. Code, § 11379.) He was granted probation with certain terms and conditions including 180 days in county jail to be served consecutively to any Shasta County jail time.

Thereafter defendant was charged in Shasta County with possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) As a consequence, a petition for violation of probation was filed in the Shasta County receiving stolen property case. Defendant pleaded guilty to methamphetamine possession and admitted the probation violation.

On May 29, 1990, the Shasta County Superior Court sentenced defendant to state prison for the mitigated term of 16 months for possession of a controlled substance and a mitigated term of 16 months for receiving stolen property.

On June 11, 1990, a petition to revoke defendant's Trinity County probation was filed. The petition alleged, inter alia, that defendant had violated Health and Safety Code section 11377, subdivision (a). Defendant denied the allegation. At the revocation hearing, the court took judicial notice of defendant's Health and Safety Code section 11377, subdivision (a) conviction in Shasta County and revoked probation.

At sentencing, the Trinity County Superior Court imposed a consecutive middle term of three years for sale of methamphetamine (Health & Saf. Code, § 11379) and selected that as the principal term. Defendant's Shasta County terms were deemed subordinate and the court imposed one-third of the middle term or eight months consecutively for each.

I

Defendant contends he pleaded guilty and admitted the violation of probation in Shasta County in reliance on an implied promise of probation termination and no additional time on the Trinity County offense. Since the appeal is from the Trinity County judgment only, the Shasta County convictions are not before us. Defendant acknowledges we cannot in this appeal order his Shasta County pleas set aside for breach of the implied promise.

Accordingly defendant requests we vacate the Trinity County sentence and remand to that court with directions to impose a concurrent term.

Defendant's contention is based entirely on the testimony of Probation Officer Cynthia Douglas, who initiated the Trinity County petition for violation of probation. She testified at the revocation hearing that after she learned of defendant's arrest in Shasta County for possession of methamphetamine, she spoke with Shasta County probation officer Linda Gisske. Concerning that conversation, Douglas testified:

"Q.   [Counsel for defendant] Did you tell Linda Gisske that if Mr. Craig were committed to state prison that Trinity County would just terminate his probation?

"A.   That's possible.

"Q.   It's possible you said that?

"A.   Uh-huh. I had numerous conversations with Miss Gisske.

"Q.   And assuming that you said this to Miss Gisske, what has happened to change your mind as far as—

"A.   I took the file to the department head, who indicated at that time that you could not close out the file, that Mr. Craig had to be brought back to court because there had been a warrant and a violation of probation issued.

"Q.   All right. So basically the lack of support of the department head for what you wanted to do with Mr. Craig?

"A.   I don't know that there was a lack of support. I just sought further clarification."

Most probably because there is absolutely no record support for the contention, appellate counsel introduces it tentatively in his opening brief: "[defendant] appears to have admitted his violation in Shasta County at least in partial reliance on the representation of the probation officers that he would not receive consecutive time in Trinity County." Having thus conditioned the reader, appellate counsel nurtures this spurious seed of rank speculation into a full blown, categorical assertion: "[defendant] was prejudiced by his reliance on that representation because, when the implied plea agreement was not enforced, not only was consecutive time imposed, but the longer Trinity County sentence was made the principal term."

Defendant could not have relied on a "representation" of which he was not aware. The Trinity County probation officer's statement was made not to defendant but to a Shasta County probation officer. There is absolutely nothing in the record to support an inference that the statement was ever communicated to defendant or that he was made aware of it by some other means, e.g., extra sensory perception or perhaps the black art. The record is utterly devoid of support for defendant's claim his Shasta County plea was negotiated in exchange for a specific disposition of the Trinity County case.

Defendant's contention is a nonstarter, a disturbing example of an all too prevalent tendency on the part of appointed appellate counsel to advance utterly baseless contentions on appeal. This practice is unacceptable. It adds substantially to the already staggering public cost of providing representation for indigent criminal appellants by requiring a response to each such claim by the Attorney General and the court, thus condemning scarce resources of the justice system to feckless exertions. If the problem persists, other measures, such as sanctions, may have to be considered.

II-IV*

. . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Carr, J., and Sims, J., concurred.

A petition for a rehearing was denied October 25, 1991.

---

*See footnote 1, *ante*, page 1068.